### SHEFFIELD *versus* PARSONS.

1. The tonnage duty levied on vessels, entering the port of Mobile, as prescribed in the ninth section of the act of 1822, entitled "an act, for the government of the port and harbor of Mobile," was an infraction of the constitution of the United States.

This action was commenced by the harbor master of the port of Mobile, before a justice of the peace, to recover a tonnage duty of three cents per ton, as laid by the act of 1822, on vessels entering Mobile harbor. The judgment rendered by the justice, in favor of the defendant, was affirmed by the Circuit court, and was removed to this court, by writ of error. The question was upon the constitutionality of the act.

*Elliott* and *Crawford*, for the plaintiff.
*Gordon* and *Goldthwaite*, contra.

SAFFOLD, J.—The suit was brought before a justice of the peace, for the county of Mobile, by the present plaintiff, against the defendant, as master of the ship, *Triton*, to recover nine dollars and twenty-

nine cents, which the plaintiff, who was, at the time, harbor master for the port and harbor of Mobile, claimed for his fees, as such; which sum was the amount of tonnage, due on the ship, calculated at three cents per ton. This, the plaintiff claimed by virtue of the ninth section of the act of the general assembly entitled, "an act, for the government of the port and harbor of Mobile," passed in December, 1822.

The ship, while lying in the bay of Mobile, received her cargo from the city, by means of lighters, but was not, at any time, within the corporate limits of the city, nor made fast at any of the wharves.

The justice gave judgment for the defendant.

On appeal to the circuit court, a judgment, *pro forma*, was there, rendered, also, for the defendant; from which the appeal to this court was taken.

A statement of the facts, as above given, in the nature of a case agreed, accompanies the record, that this court may settle the construction of the above recited statute, and pronounce, whether or not, the said ninth section is repugnant to the constitution of the United States.

The statute provides, that "the harbor-master shall have power to demand and receive, from the commander, owners, or consignees, or either of them, of every ship or vessel that may enter the port of Mobile, and load, unload, or make fast to any of the wharves, within the limits of said city, at and after the rate of three cents per ton—to be computed from the tonnage, expressed in the register of such ships, or vessels, respectively, and no more."

The restriction in the constitution which this duty is supposed to violate, is,[a] that "no State shall, [a Art.1:§10.]

without the consent of congress, lay any impost, or duties, on imports or exports except, what may be absolutely necessary for executing its inspection laws; and the nett produce of all duties and imposts, laid by any State, on imports and exports, shall be for the use of the treasury of the United States; and all such laws shall be subject to the revision and control of the congress. No State shall, without the consent of congress, lay any duty of tonnage, keep troops, or ships of war, in time of peace, enter into any agreement or compact with another State, or with a foreign power, or engage in war, unless actually invaded, or in such imminent danger, as will not admit of delay."

So much only of the foregoing restriction as relates to the power of the States, to " lay any duty of tonnage," has a direct application to the question under consideration; but I present it, with the context, that the full meaning and intent of the particular inhibition may more clearly appear. I interpret the word *duty*, as here used, to signify *tax, custom,* or *toll*. This, it seems, no State is authorised to lay on the tonnage of any vessel, without the consent of congress, for any purpose. Such consent, it is not pretended, has been obtained.

Could the first clause in the general prohibition, as quoted, extend its influence to the latter, so as to apply the exception respecting such duties as may be absolutely necessary, for executing the *inspection laws*, to this duty of tonnage, such does not appear, to have been its object. On the contrary, it is declared, by the act, to be for loading and unloading, or making fast to any of the wharves; and, is charged by the appellant, as a demand, in the nature of

fees for the use of the harbor master. This, too, is equally chargeable by the act, whether any services, in the particular case, be required of, or rendered by him, or the wardens, or not: and, whether the vessel has entered, the corporate limits of the city, or not. In this case, neither appears to have been done.

But, it is necessary to mark the distinction, made in the constitution, between the right to lay any imposts or duties on exports or imports, and the right to lay any duty of tonnage. Without the consent of congress, the State may lay the former, so far as " may be absolutely necessary, for executing its inspection laws;" but, " no State shall, without the consent of congress, lay any duty of tonnage," keep troops or ships of war, in time of peace, enter into any agreement or compact with another State, or with a foreign power, or engage in war, unless, actually invaded, or in such imminent danger, as will not admit of delay." The inhibition, against laying any duty of tonnage, is placed on the same ground, and is no less absolute, than that against keeping troops or ships of war, forming compacts, or engaging in war, unless, under the special circumstances referred to. The constitution recognises a distinction between imposts or duties, on specific commodities, imported or exported, and the more general duty, of tonnage, on the contents of vessels; for, while it provides, that, without the consent of congress, the latter shall, under no circumstances, be laid, it authorises the former, for the purpose of executing the inspection laws. But, even when laid for this object, it is declared, that the nett produce of all such duties, "shall be for the use of the treasury of the

United States," and that "all such laws shall be subject to the control and revision of the congress."

It is suggested, in behalf of the appellant, that the inhibition was only intended, to restrict the States, from laying any duty upon tonnage, for their own benefit, or to provide a revenue.

Admitting, as I presume to be true, that this was one of the prominent objects, I cannot suppose it to have been the only one. The principle of the distinction will equally apply to toll or duties laid for any other purpose : in proportion to the amount, the effect on commerce would be the same, whatever be its application. The general design, I apprehend to have been, to deny to the States, the power to clog or burden commerce, or subject it to restrictions, beyond the necessary expense of inspection, except, according to the discretion of congress. If it be conceded that the State can thus lay duties, to compensate the harbor master, would not the principle authorise compensation to the wardens, and all the pilots, in the same way? And, might not a variety of other expenses be provided for, in like manner—among others, the support of a city hospital? If a duty of three cents per ton, be authorised, without any particular services rendered, why not *ten* or *fifty*, to meet the various objects alluded to; and, under such diversified appropriations, how would it be possible to calculate "the nett produce of all duties and imposts," which the constitution declares, shall be due to the treasury of the United States?

Compensation chargeable against the commanders, owners or consignees of vessels entering the port, for particular services, necessarily rendered, or specially requested, should be viewed in a different light.—

Then, there would be something in the nature of a *quid pro quo*—a criterion, by which unreasonable exactions could be avoided; and something, by which to distinguish such charges from imposts or duties.

Hence, I am of opinion, that though the judiciary should be ever cautious and diffident, in determining an act of the legislature repugnant to the constition of either the State or the United States—on the contrary, that they should be reconciled, if possible—yet, if they be found, clearly irreconcilable, and the question purely judicial, not political, it is conceded, that courts of justice must yield to the paramount authority. Therefore, without examining the subject farther, as the case has been submitted without argument, I am of opinion, the federal constitution prohibits the tonnage duty claimed; and, that the judgment of the court below, must be affirmed. Such is the opinion of the court.